| | | | |
|---|---|---|---|
| Case No.: | EDCV 21-0816 PA (RAO) | Date: | May 14, 2021 |
| Title: | Jason Rose v. United States of America | | |

| | |
|---|---|
| Present: | The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE** |

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**     (In Chambers) **ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED [1]**

On May 4, 2021, Petitioner Jason Rose, a federal prisoner who is currently incarcerated at U.S.P. Victorville in Adelanto, California, after being convicted and sentenced in the district court for the Southern District of New York, and who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner appears to contend that his sentence is unlawful because a sentence enhancement that was imposed for a prior drug offense was rendered infirm by the passage of the First Step Act and asks the Court to resentence him to time served and to reduce his term of supervised release from ten years to five years. *Id.*

The Court takes judicial notice of the docket for Petitioner's underlying criminal proceedings in the Southern District of New York, *United States v. Rodriguez, et al.*, 1:03-cr-01501-VEC-3 (S.D.N.Y.), which reveals the following:

Petitioner was convicted on March 2, 2005, following a jury trial. On December 21, 2005, he was sentenced to 300 months in prison and ten years of supervised release. *Id.*, Dkt. No. 242. On August 20, 2013, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence, which was denied on September 20, 2013. *Id.*, Dkt. Nos. 353, 354.

On March 27, 2019, Petitioner filed a motion for resentencing, after which the district court appointed counsel to represent him. *Id.*, Dkt. Nos. 387, 388. On April 12, 2019, counsel moved for a reduction of Petitioner's sentence under the First Step Act. *Id.*, Dkt. No. 395. On May 13, 2019, the district court held a hearing on the motion. On September 24, 2019, the district court amended the judgment and reduced Petitioner's sentence to 19 years' imprisonment plus ten years' supervised release. *Id.*, Dkt. No. 428. Petitioner then filed an appeal from the amended judgment and sentence, which was denied by the Second Circuit Court of Appeals on May 4, 2021. *Id.*, Dkt. No. 451. Meanwhile, on July 9, 2020, Petitioner submitted a letter to the

district court contending that he should have received a "lesser sentence," which the court construed as a new § 2255 motion and denied on the merits on April 15, 2021. *Id.*, Dkt. Nos. 443, 444, 450. As noted above, Petitioner filed the instant § 2241 petition on May 4, 2021.

The Court has screened the Petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which provides that the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] For the following reasons, Petitioner is ordered to show cause why the Petition should not be dismissed.

As a general rule, "a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention . . . ." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). That is, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Here, the Petition squarely contests the legality of Petitioner's sentence rather than the manner, location, or conditions of its execution. Thus, his request for relief should be asserted under section 2255 in the district court for the Southern District of New York. *See* 28 U.S.C. § 2255(a); *Hernandez*, 204 F.3d at 864.

Although there is a narrow exception to this general rule, whereby a federal prisoner may "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention[,]" *Stephens*, 464 F.3d at 897 (citation omitted), Petitioner has provided no basis for admitting the exception.

In light of the foregoing, IT IS HEREBY ORDERED that Petitioner shall show cause in writing, on or before **June 14, 2021**, why this action should not be dismissed. **Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

    **IT IS SO ORDERED.**

                                                                                                           :
                                                                                                            dl

---

[1] A Court may apply the Rules Governing Section 2254 Cases in the United States District Courts to actions under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014).