UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ROSE,<br><br>         Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>         Respondents. | Case No. EDCV 21-0816-PA (RAO)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

On May 4, 2021, Petitioner Jason Rose, who at the time was incarcerated in United States Penitentiary Victorville, California, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"), seeking relief from his 2005 sentence in the United States District Court for the Southern District of New York. (Petition at 1.) Respondent moves to dismiss or, alternatively, transfer the Petition on the ground that it raises claims that must be brought in a 28 U.S.C. § 2255 motion in the district court in the Southern District of New York. (Dkt. No. 14 (hereinafter, "MTD").)

For the reasons that follow, the Court finds that it lacks jurisdiction over the instant Petition and, therefore, it is recommended that the MTD be granted and this action dismissed without prejudice.

## I.     PROCEDURAL BACKGROUND

Petitioner's incarceration is the result of a 2005 conviction in the United States District Court for the Southern District of New York following a jury trial for conspiring to distribute 50 grams or more of crack cocaine, in violation of 18 U.S.C. § 846, and carrying a firearm in furtherance of a drug trafficking scheme, in violation of 18 U.S.C. § 924(c). (MTD at 7); s*ee also United States v. Rodriguez, et al.*, No. 03-cr-01501-VEC (S.D.N.Y.) (hereinafter, "*Rose*"), Dkt. No. 242.[1] The District Court sentenced Petitioner to a term of 300 months in prison, which comprised the then-mandatory minimum of 20 years for the drug trafficking offense[2] plus a consecutive term of 60 months for the firearm offense. MTD at 7; *Rose*, Dkt. No. 242.

Petitioner appealed to the Second Circuit Court of Appeals, which affirmed the judgment, and thereafter filed a petition for writ of certiorari in the United States Supreme Court, which was denied. See *Rose*, Dkt. No. 353 at 2.

On August 20, 2013, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Southern District of New York to vacate his sentence, raising claims under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), and *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed.2d 314 (2013). *See Rose*, Dkt. No. 353. The district court denied the motion and subsequently denied a certificate of appealability. *Id.*, Dkt. Nos. 354, 357.

---

[1] The Court takes judicial notice of the docket of the Southern District of New York in the case involving Petitioner cited herein. *See* Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

[2] The statutory mandatory minimum for the drug trafficking offense would have been ten years but the government document filed a prior drug felony information against Petitioner that increased the mandatory minimum to 20 years. *See Rose*, Dkt. No. 354 at 1.

On March 27, 2019, Petitioner sent a letter to the district court asking about "the . . . application of the Fair Sentencing Act of 2010 to [his] case[.]" *Id.*, Dkt. No. 387. On April 12, 2019, Petitioner, through counsel, formally moved for a sentence reduction under the First Step Act of 2018. *Id.*, Dkt. No. 395. In his motion, Petitioner argued that under the Fair Sentencing Act of 2010, which the First Step Act made retroactive to his case, he was eligible for a reduction in his sentence to time served because the 2010 Act provided for a lower sentencing range for offenses involving less than 280 grams, rather than less than 50 grams, of crack cocaine. *Id.* at 2-4.

Notably, Petitioner also contended in his motion that "under the First Step Act of 2018, [his] prior drug felony would not subject him to enhanced penalties and, if sentenced today, he would be subject to only a mandatory 5-year minimum sentence on Count One" because his prior drug felony would no longer be considered a "serious drug felony." *Id.* at 5. Nevertheless, Petitioner stated that he was "not asking the Court to apply the newly amended First Step Act definition of serious drug offense with respect to the prior felony information filed in this case." *Id.*

On May 13, 2019, the district court held a hearing on the resentencing motion and, on September 24, 2019, the court reduced Petitioner's sentence to 19 years in prison plus ten years of supervised release. *Id.*, Dkt. No. 428. Petitioner filed an appeal from the amended judgment and sentence, which was denied by the Second Circuit Court of Appeals on May 4, 2021. *Id.*, Dkt. No. 451. While his appeal was pending, on July 9, 2020, Petitioner submitted a letter to the district court contending that he should have received credits against his sentence based on time spent previously in state custody. *Id.*, Dkt. No. 444. The district court construed Petitioner's application as a new § 2255 motion, because it challenged a new sentence, and denied the motion on its merits on April 15, 2021. *Id.*, Dkt. Nos. 443, 444, 450.

As noted above, Petitioner filed the instant Petition on May 4, 2021. Petitioner challenges his sentence on the ground that the enhancement that was imposed based on his commission of a prior felony was "rendered infirm" by the passage of the First Step Act in 2018, which changed the definition of a serious drug offense for purposes of enhancing a sentence. Petition at 1; Dkt. No. 8 at 1.

On September 17, 2021, Respondent filed its motion to dismiss. Dkt. No. 14. On October 19, 2021, Petitioner filed an opposition to the MTD. Dkt. No. 19.

After Petitioner filed the instant Petition in this Court, on July 20, 2021, he filed a motion for compassionate release in the Southern District of New York, in which he argued both that the prior drug felony used to enhance his 2005 sentence was not a serious felony under the First Step Act and that he should be released because he had contracted the COVID-19 virus in prison. *Rose*, Dkt. No. 453. On September 24, 2021, the district court ordered the government to respond to Petitioner's motion by October 22, 2021 and Petitioner to file a reply to the government's response no later than November 12, 2021. *Id.*, Dkt. No. 459.

## II.  STANDARD OF REVIEW

Petitioner seeks relief by way of a habeas petition under 28 U.S.C. § 2241. A Court may apply the Rules Governing Section 2254 Cases in the United States District Courts to other types of habeas corpus actions, including actions under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014); *Philip v. Tews*, No. CV 16-01987 CJC (AFM), 2016 WL 1732699, at *2 n.2 (C.D. Cal. Apr. 29, 2016).

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## III.  DISCUSSION

**A.  The Requested Relief is Properly Sought in a Section 2255 Motion**

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention . . . ." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). That is, as a general matter, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see* 28 U.S.C. §§ 2241(d), 2255(a).

Because Petitioner is a federal prisoner and his Petition squarely contests the legality of his sentence rather than the manner, location, or conditions of its execution, his request for relief should be asserted under section 2255 in the Southern District of New York, the District Court that sentenced him. *See* 28 U.S.C. § 2255(a); *Hernandez*, 204 F.3d at 864.

**B.    Petitioner Does Not Qualify for Section 2255's Escape Hatch**

While a section 2255 motion is "the exclusive means by which a federal prisoner may test the legality of his detention," "the one exception to the general rule is what [is] called the 'escape hatch' of § 2255." *Stephens*, 464 F.3d at 897. "The escape hatch permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is

5

inadequate or ineffective to test the legality of his detention." *Id*. (quoting *Hernandez*, 204 F.3d at 864-65) (internal quotation marks omitted).[3]

In the Ninth Circuit, "a motion meets the escape hatch criteria of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens*, 464 F.3d at 898) (internal quotation marks omitted); *see Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012).

Respondent argues that Petitioner cannot claim actual innocence because he is not claiming that he is "factually innocent" of the crimes he committed and his argument that his sentence was wrongly enhanced "is a 'purely legal argument' and thus 'not cognizable as a claim of actual innocence under the escape hatch.'" MTD at 10 (quoting *Marrero v. Ives*, 682 F.3d 1190, 1195 (9th Cir. 2012)). The Ninth Circuit Court of Appeals has recently recognized, however, that where a petitioner can show that a prior conviction was not a "predicate conviction for career offender status . . . the factual predicate for his mandatory sentencing enhancement did not exist. That is, he is actually innocent of the enhancement." *Allen v. Ives*, 950 F.3d 1184, 1189 (9th Cir. 2020). Respondent does not address the impact, if any, of *Allen* on Petitioner's claims.

Nevertheless, even assuming that Petitioner could establish an actual innocence claim, he cannot meet the second part of the escape hatch requirement, i.e., that he has not had an unobstructed procedural shot at presenting that claim. In fact, as set forth above, Petitioner's counsel noted in the April 2019 resentencing motion the very same argument that Petitioner seeks to raise in this Court, namely,

---

[3] The escape hatch provision is found in 28 U.S.C. § 2255(e), which states:
An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

6

that "under the First Step Act of 2018, [his] prior drug felony would not subject him to enhanced penalties and, if sentenced today, he would be subject to only a mandatory 5-year minimum sentence on Count One" because his prior drug felony would no longer be considered a "serious drug felony." *Rose*, Dkt. No. 395 at 5. Moreover, instead of dismissing the motion for resentencing, the district court heard argument on the motion and then granted a reduction in Petitioner's sentence. *Id.*, Dkt. No. 428.

Furthermore, Petitioner has raised the argument that his prior drug felony is no longer a serious drug felony under the First Step Act in a new motion before the district court in the Southern District of New York and that court has set a briefing schedule on his motion. *Id.*, Dkt. Nos. 453, 459. Because it is evident that Petitioner has had, and continues to have, an unobstructed procedural shot in the sentencing court at raising the claim he presents in the instant Petition, he cannot avail himself of the § 2255 escape hatch.

## C. Dismissal Rather than Transfer of This Action Is Appropriate

Because the Court has determined that Petitioner's requested relief should be brought in a section 2255 proceeding in the Southern District of New York, the Court must determine whether to transfer this action to that District or to simply dismiss it. *See* 28 U.S.C. § 1631 (stating, in relevant part, that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed[.]").

In this case, because Petitioner is already pursuing the same relief presented here in proceedings in the Southern District of New York, transfer of this action is not warranted, and dismissal is appropriate.

Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. *See* 28 U.S.C.

§ 2253(c)(1)(B); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Alaimalo*, 645 F.3d at 1047 ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal the denial of that petition absent a COA[.]").

### IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT the Petition is **DISMISSED** without prejudice for lack of jurisdiction.

DATED: November 1, 2021

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE